

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

DEC 17 2004

LARRY W. PROPES, CLERK
CHARLESTON, SC

| | |
|---|---|
| Elizabeth Kandrac | ) Civil Action No. |
| Plaintiff, | ) 2 04-23318-18BG |
| Charleston County School District, Wanda Marshall in her individual capacity and Darrell Johnson, in his individual capacity, | ) |
| Defendants | ) |

## COMPLAINT
Jury Trial Demanded

Plaintiff, Elizabeth Kandrac, complaining of Defendants above-named would respectfully show unto this Honorable Court the following:

### I. Parties, Jurisdiction, and Venue

1.  That Plaintiff is a citizen and resident of Charleston County, South Carolina.

2.  That Defendant Charleston County School District (hereinafter "District") is a subdivision of the State of South Carolina located in Charleston County, South Carolina.

3.  That Defendant Wanda Marshall is, upon information and belief, a citizen and resident of Charleston County, South Carolina.

4.  That Defendant, Darrell Johnson is, upon information and belief, a citizen and resident of Charleston County, South Carolina.

5.  That this Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1343, because this action is based on 42 U.S.C. §§ 1981, 1983 and 2000, *et. seq.*.

6. That venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant District is situated within the Charleston judicial division, and the unlawful acts giving rise to Plaintiff's claims were committed within this judicial division.\

## II. Facts

7. That Plaintiff began working for Defendant District as a teacher in or around September, 2003. That at all times, Plaintiff has been assigned to Brentwood Middle School, which is situated within Defendant District.

8. That the majority of the students at Brentwood Middle School are African-American. That Plaintiff is white.

9. That at all times relevant hereto Defendant Marshall, an African-American female, has been Principal of Brentwood Middle School during Plaintiff's tenure.

10. That at all times relevant hereto Defendant Johnson has been the area Superintendent for the area in which Brentwood Middle School is situated.

11. That during the 2003-2004 school year, the Plaintiff was frequently subjected to racial slurs and cursed at in a racially hostile manner all through the building in which Brentwood Middle School is situated, including the classroom in which the Plaintiff taught, in the halls and in the lunchroom.

12. That John L. Smith, another white teacher at Brentwood Middle School, was also cursed at racially during the 2003-2004 school year while in the Brentwood Middle School building.

13. That Edward Mikell, another white teacher at Brentwood Middle School, was also cursed at racially during the first semester of the Year 2003-2004 school year at Brentwood Middle School while in the Brentwood Middle School building.

14.     That the Plaintiff exressed to Defendant Marshall during the school year 2003-2004 at Brentwood Middle School that she was cursed at racially in the Brentwood Middle School building.

15.     That when the Plaintiff complained to the Defendant Marshall during the 2003-2004 school year about being subject to racial slurs and being cursed at in a racially hostile manner from students in the building in which Brentwood Middle School is located, the Defendant Marshall as the Plaintiff's supervisor and as the Principal and Chief Administrator of Brentwood Middle School, the Defendant Marshall, through her acts and omissions tacitly condoned and facilitated the continued subjection of the Plaintiff to racial slurs and racially hostile curses in the Plaintiff's workplace, to the point where the Defendant District put the Plaintiff on leave because the District could not ensure her safety in the Brentwood Middle School building.

## FOR A FIRST CAUSE OF ACTION
(Violation of Rights-42 U.S.C. §1981)

16.     That Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim.

17.     That Defendants Marshall and Johnson discriminated against Plaintiff and interfered with her right to contract for employment in violation of 42 U.S.C. §1981, all on the basis of Plaintiff's race.

18.     That as a direct and proximate result of Defendant's conduct Plaintiff has been damaged in that she has lost her employment with Defendant District, her salary and benefits. That further Plaintiff has endured the humiliation of her contract not being renewed and the stress and anguish of being without the means to support herself at the same level as her employment with the Defendant District. That Defendant's unlawful

acts were grossly negligent and with reckless disregard to Plaintiff's rights. That as such, Plaintiff is entitled to actual, consequential, compensatory and punitive damages, as well as reasonable attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
(Violation of Rights-42 U.S.C. §1983)

19. That Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim.

20. That while acting under color of state law as agents of Defendant District, Defendants Marshall and Johnson have discriminated against Plaintiff by not providing or ensuring an environment free from racial harassment and retaliation.

21. That as a direct and proximate result of Defendants' conduct Plaintiff has been damages in that she has had to endure racially hostile cursing and threats, as well as other racially-based harassment, she has lost her employment with Defendant District, her salary and benefits. That further Plaintiff has endured the humiliation of her contract not being renewed and the stress and anguish of being without adequate means to support herself at the same level as her employment with the Defendant District. That Defendants' unlawful acts were grossly negligent and with reckless disregard to Plaintiff's rights. That, as such, Plaintiff is entitled to actual, consequential, compensatory and punitive damages, as well as reasonable attorneys' fees and costs.

## FOR A THIRD CAUSE OF ACTION
(Brach of Contract)

22. That Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim.

23. That Defendant District offered Plaintiff employment on an "Annual Contract

basis" for her first year of employment with the Defendant District. That part of her Annual Contract employment included feedback, support and assistance from evaluators.

24. That the terms and conditions of the Annual Contract program were outlined in a handbook that Defendant published to Plaintiff.

25. That the handbook included mandatory language and assurances which created a binding contract with Plaintiff.

26. That the handbook included a promise that Defendant District would not tolerate a racially hostile work environment and that those who allowed such an environment to exist would be disciplined accordingly.

27. That Defendant District has breached its contract with Plaintiff by not providing a work environment free from racial hostility and by not effectively and appropriately disciplining those who conduct themselves in a manner that was racially hostile to the Plaintiff while she was employed at Brentwood Middle School during the 2003-2004 school year.

28. That as a direct and proximate result of Defendant District's breach of contract, Plaintiff has been damaged in that she has had to endure discriminatory conduct in her workplace, as the result of the acts and omissions of the Defendant's agents, including the Defendant Marshall, who told Plaintiff that "that's the way they are" when Plaintiff made complaints and disciplinary referrals of students who called her racially-based, threatening names and frequently cursed at her in a racially hostile manner. Further, Plaintiff has endured the humiliation, stress and anguish caused by Defendant District's tolerance of discriminatory conduct. That therefore Plaintiff is entitled to actual, consequential and compensatory damages, as well as reasonable attorney's fees and

costs.

## FOR A FOURTH CAUSE OF ACTION
(Breach of Contract Accompanied by Fraudulent Act)

29.     That Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim.

30.     That when Defendant breached its contract with Plaintiff Defendant's act was accompanied by fraudulent act in that the Defendant Marshall provided a false affidavit and gave false testimony at the Administrative Appeal of the Plaintiff to the Defendant District, in the form of false testimony regarding information given to her by the Plaintiff's former supervisor.

31.     That such fraudulent intent related to the breach of its contract with Plaintiff.

32.     That as a direct and proximate result of Defendant District's breach of its contract accompanied by a fraudulent intent, Plaintiff has been damaged in that she has had to endure discriminatory conduct in the workplace carried out by Defendant's agents, such as Defendant Marshall, who told Plaintiff that "that's the way they are" when Plaintiff made disciplinary referrals of students who called her racially-based, threatening names. Further, Plaintiff has endured the humiliation, stress and anguish caused by Defendant District's tolerance of discriminatory conduct. That therefore Plaintiff is entitled to actual, consequential and compensatory damages, as well as reasonable attorneys' fees and costs.

## FOR A FIFTH CASUE OF ACTION
(Race Discrimination-Violation of Title VII Against Defendant District)

33.     That Plaintiff repeats and realleges the preceding paragraphs as if rested verbatim.

34.     That throughout the year that Plaintiff taught at Brentwood Middle School she was subjected to racially hostile cursing, threatening conduct and racially hostile language from students. That Plaintiff reported such conduct and comments to Defendant Marshall and she effectively ignored Plaintiff's concerns, telling her "that's just the way they (the students) are". That such statement evidenced Defendant Marshall's conscious indifference to the racially hostile cursing and slurs that the Plaintiff was subjected to during her employment at Brentwood Middle School.

35.     That throughout the school year Plaintiff was continuously subjected to a racially-hostile working environment wherein students frequently called her and others at the school racially-derogatory, profane epithets and they threatened her and others. That the students' conduct was known, tolerated and consciously ignored by the Administration of Brentwood Middle School, including Defendant Marshall.

36.     That Defendant District's condonation and deliberately ignoring such treatment of white employees such as Plaintiff by the students is tantamount to racial discrimination.

37.     That, upon information and belief, any reasons asserted by Defendant for its conduct towards Plaintiff are false and are a pretext for unlawful racial discrimination.

38.     That Defendant's unlawful discrimination against Plaintiff has directly and proximately caused her to suffer actual damages in the form of a loss of wages and employment benefits, stress, emotional distress, humiliation, embarrassment and loss of enjoyment of life. That accordingly, Plaintiff is entitled to recover in this action actual damages from Defendant sufficient to compensate her for past and future lost wages and employment benefits and emotional distress caused by Defendant's unlawful discrimination.

39.     That, upon information and belief, Defendant's discrimination against Plaintiff

was intentional and in reckless disregard for her rights to be free from same. Therefore, Plaintiff is also entitled to recover punitive damages against Defendant in an amount to be determine by the jury, sufficient to deter Defendant and others from engaging in such discriminatory actions in the future.

40.   That Plaintiff is also entitled to an award of reasonable attorney's fees, expert costs and costs incurred in bringing this action.

## FOR A FIFTH CAUSE OF ACTION
(Retaliation-Violation of Title VII Against Defendant Disctrict)

41.   That Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim.

42.   That Plaintiff spoke publicly about the racially discriminatory working environment at Brentwood Middle School.

43.   That Defendant District's agents were aware of Plaintiff's public speech about the discriminatory conditions at Brentwood.

44.   That after learning of Plaintiff's speech about the discriminatory working conditions at Brentwood Middle School, Defendant retaliated against Plaintiff by notifying her that she was being placed on administrative leave by not renewing her contract of employment.

45.   That such acts on the part of Defendant District, after it learned of Plaintiff's public speech about the discriminatory working conditions at Brentwood Middle School were tangible and adverse to Plaintiff in that they resulted in Plaintiff's contract of employment not being renewed and Plaintiff's loss of her job.

46.   That there is a causal connection between Plaintiff's public speech about the

discriminatory working conditions at Brentwood Middle School and her not being offered a contract of employment.

47. That, upon information and belief, any reasons asserted by Defendant for its conduct in not offering Plaintiff a contract of employment after she complained about the discriminatory working conditions are false and are a pretext for unlawful retaliation.

48. That Defendant's unlawful retaliation against Plaintiff has directly and proximately caused her to suffer actual damages in the form of a loss of wages and employment benefits, stress, emotional distress, humiliation, embarrassment and loss of enjoyment of life. That, accordingly, Plaintiff is entitled to recover in this action actual damages from Defendant sufficient to compensate her for past and future lost wages and employment benefits and emotional distress caused by Defendant's unlawful retaliation.

49. That, upon information and belief, Defendant's retaliation against Plaintiff was intentional and in reckless disregard for her rights to be free from same. Therefore, Plaintiff is also entitled to recover punitive damages against Defendant in an amount to be determined by the jury, sufficient to deter Defendant and others from engaging in such retaliatory actions in the future.

50. That Plaintiff is also entitled to an award of reasonable attorneys fees, expert fees and costs incurred in bringing this action.

WHEREFORE, having fully set forth her allegations against Defendants, Plaintiff respectfully requests the following relief:

1. Back pay, front pay, lost employment benefits and interest thereon;

2. Compensatory damages for other economic losses directly and proximately caused by Defendants' unlawful conduct

3. Compensatory damages for emotional distress;

4. Punitive damages and/or liquidated damages;

5. Attorneys' fees, expert fees and costs; and

6. Such further relief as the Court deems just and appropriate.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

RESPECTFULLY SUBMITTED

LAW OFFICE OF LAWRENCE C. KOBROVSKY

_____
Lawrence C. Kobrovsky, Esquire
Federal ID Number: 5294
PO Box 1726
Charleston, SC 29402-1726
(843)853-3703- telephone
(843)853-2331- facsimile
kobrovskyl@bellsouth.net

AMY L. GAFFNEY, PC

_____
Amy L. Gaffney, Esquire
DCID Number: 6316
1001 Washington Street, Suite 300
PO Box 11683
Columbia, SC 29211
(803)799-7968- telephone
(803) 929-0927- facsimile
amygaf@aol.com

Charleston, South Carolina
This the 17th day of December, 2004.